

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00447-CR
_____

ADAM MOSES RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47ᵗʰ District Court
Potter County, Texas
Trial Court No. 66,280-A; Honorable Dan Schaap, Presiding

August 7, 2014

## ORDER ON PRO SE REQUEST FOR RECORD

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Adam Moses Ramos, was convicted by a jury of aggravated assault with a deadly weapon and sentenced to thirteen years confinement.[1]  On July 21, 2014, Appellant's court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein he concluded that Appellant's appeal was frivolous.  Counsel also filed

---

[1] TEX. PENAL CODE ANN. § 22.02(a) (West 2011).

a motion to withdraw as required by *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008), which included a copy of a letter to Appellant satisfying the educational burdens imposed by law.

Pending before this Court is Appellant's *pro se* request for a copy of the appellate record in this appeal. His request is dated July 28, 2014. In *Kelly v. State*, __ S.W.3d __, No. PD-0702-13, 2014 Tex. Crim. App. LEXIS 911 (Tex. Crim. App. June 25, 2014), the Court of Criminal Appeals held that appointed counsel has a duty in an *Anders* case to assist his client in filing a motion to access the appellate record, if the client desires to file a response. The Court further held that the ultimate responsibility for ensuring "one way or another" that an appellant is granted access to the record falls on appellate courts. *Id.* at *2. *Kelly* further requires appellate courts to enter a formal written order ruling on a *pro se* motion to access the appellate record in an *Anders* appeal. *Id.* at *21.

Appellant's *pro se* request notwithstanding, appointed counsel's letter to his client dated July 19, 2014, provides "[w]e have previously given you copies of the Reporter's Record and Clerk's Record for your review." Based on this statement, because Appellant already has a copy of the appellate record, his request is rendered moot. This Court *sua sponte* grants Appellant an extension of time to September 22, 2014, in which to file a *pro se* response to counsel's brief should he desire to do so.

It is so ordered.

Per Curiam

Do not publish.